The opinion of the court was delivered by
Watkins, J.
This is a proceeding by rule to compel Edmond Rixner to accept title to real property situated in New Orleans, and complete an adjudication thereof to him by the civil sheriff in pursuance ■of an order of court; and from a judgment making the rule absolute •and requiring the defendant in rule to comply with the terms of the adjudication by paying the whole price into court, there to remain subject to the order of the court, and not to be withdrawn until the minor’s interest therein shall have been perfectly secured and a proper reinvestment made of his share thereof, and thereupon the minor’s mortgage against the property shall be canceled and erased, and title to said property passed to him unincumbered, he has prosecuted this appeal.
The facts are substantially as follows, viz.:
Frederick Ney was married to Louise Aron, and she died in the *818 city of New Orleans on the 1st of September, 1879, leaving with her surviving husband seven minor children as the issue of their marriage. That said surviving husband qualified as natural tutor for said minors and caused an inventory to be taken of the property on hand, all of which was community; and he caused an abstract thereof to be duly inscribed in the book of mortgages to operate as a legal mortgage thereon in favor of the minors. That subsequently said father caused the whole of the property to be adjudicated to him, in pursuance of the provisions of the Code, at the price of five thousand'three hundred and one dollars and fifty cents, and gave a special mortgage thereon in lieu of the legal mortgage in favor of the minors, as above specified — said sum being the amount of the appraisement in the inventory, and entitling each heir to the sum of two hundred and six dollars and eighty-nine and two-thirds cents, after deducting the debts of the community.
On the 2d of August, 1898, Frederick L. Ney filed a petition praying to be appointed tutor to his minor brothers and sisters, on the ground that his father, and their natural tutor, had disappeared since the 28th of January, 1882, and had not been heard from since that date, and that his whereabouts was unknown.
On the 10th of October, 1893, Frederick L. Ney, Bertha JosephineNey, Henry Francis Ney, Walter L. Ney, majors, and John Paul Warren Ney, an emancipated minor over the age of eighteen years, filed a petition before the Civil District Oourt, representing that the succession of their mother was opened and that their father had qualified as natural tutor; that an inventory of the community property was taken; that after paying all debts their interest amounted to the sum of two hundred and six dollars and eighty-nine and two-thirds cents each, and their rights therein adjudicated to their father, who gave a special mortgage in their favor to secure their interest on property more fully described in that petition — alleging the disappearance of their father and the death of the under-tutor; showing that all of the heirs were of age with the exception of Sidney Joseph Ney, still a minor; averring that no settlement was ever made to them by their father of the share coming to them from their mother’s succession; that no account was ever rendered to them since their majority, and besides, that their father owned other property in this city more fully described in that petition; they allege also that they are entitled to an *819 account from their father, who having disappeared and not having been heard of for so many years is an absentee, to whom and for whose proper and legal representation a curator ad hoc should be appointed.
On the presentation of that petition, an order was rendered by the District Court appointing a curator ad hoc, ordering him after due proceedings to file an account, and that ljudgment be rendered in favor of plaintiffs and agatnst their father, F. L. Ney, condemning him to pay to plaintiffs the amounts due to them, ordering property described and numbered in the petition to be seized and sold for cash, by Spear & Escoffler, auctioneers, and that from the proceeds of sale the amounts due the plaintiffs be paid to them.
On the 6th of February, 1895, a petition was filed by the plaintiffs asking that a sale be made of the property in controversy, and upon the 24th of April, 1895, a sale was ordered and subsequently made; and same having been adjudicated to the defendant in rule, he declined to accept the title tendered him for the following reasons, viz.:
1. Because the minor, Sidney J. Ney, was not represented in these proceedings by a duly qualified tutor; and, that if said tutor had legally qualified, that the interest of Frederick L. Ney, his father and tutor, in said property was encumbered with a legal mortgage in favor of said minor.
2. Because there is no judgment against said absentee which could justify the sale of his property; and that, even admitting there was such a judgment, his property only could have been sold in execution thereof by means of the writ of fieri facias.
It is admitted on behalf of the heirs that, in the proceedings above referred to, they appeared as co-mortgagees against Frederick L. Ney, tutor, as an absentee, for an account and final settlement by means of a curator ad hoc, the minor being brought into court through citation to his under-tutor.
But, while proceeding as mortgage creditors, they mentioned the property as being of a sort that is not susceptible of division in kind, and prayed for the convocation of a family meeting to determine that question as preliminary to a partition thereof by licitation.
Their petition is concluded by a prayer that “after due proceedings had, petitioners have judgment in their favor, ordering the sale of the above property to pay them the amount due and owing to them from the succession of their deceased mother,’-’ and in due course of proceedings the following judgment was rendered, to-wit:
*820 “ It is ordered, adjudged and decreed that there be judgment in favor of plaintiffs, * * * recognizing them as creditors of the succession of their mother, Mrs. Louise Aron, each in the sum of two hundred and six dollars and eighty-nine cents, * * * ordering the sale of said property to pay the amount due and coming to them as heirs of this succession.”
In the course of the written opinion of our learned brother of the district bench, he says:
“ Revised Civil Code, Art. 333, is the basis of this proceeding and has been followed. The family meeting advised the sale, and there is ample from the price bid by defendant for the property to pay the minor, as well as the majors, and by the express terms of that article the legal effect is to relieve the said minor’s mortgage from the property sold, and pass the title free of incumbrance to the defendant as purchaser.
“The mother’s succession was not in the case — had- been closed to all intents and purposes, the tutorship remaining; and, while it was true that petitioner’s rights arose out of said succession, yet the proceeding was taken against the absent tutor and the mortgaged property. * * *
“The action is manifestly under said article, and as all necessary formalities were had, for the minor as well as the majors; and as the said absent tutor was represented, and the amount as fixed in his account before his disappearance was found still to be due, all requirements of substance were amply met, etc.
* * * if* SfSJfcSfi*
“ I think the action of the petitioner was definite and based on the law, and that the judgment Was sufficient to base the sale of the property upon. See Succession of Corrigan, 42 An. 65; see City vs. Seixas, 35 An. 41.
“I do not see that the law requires a writ of fi. fa. under the special proceedings provided for in R. C. C. 333. The order of court, duly certified to the sheriff, was, I think, a sufficient warrant — a writ for the sale — and that a good sale has been effected, and, for this technical objection, ought not to be defeated.”
The foregoing reasons are sound, and the proceedings in exact conformity with the provisions of the Revised Civil Code, Art. 333, and the title to the purchaser is good and valid with respect to the major heirs at least.
*821 And with respect tó the mortgage of the minors the judge a quo further says:
“As above shown, in the proceedings herein taken the family meeting and under-tutor acted and advised for the minor. Under the terms of R. O. O. 333 this is the direction of the law. I think that what has been beneficially done after much cost and trouble, and delay, ought not to be undone; and by applying the rule (announced in) Koehl vs. Solari, 47 An. 890, I think that the rights of the minor can be preserved, and that the purchaser can obtain an unincumbered title. If he pays the entire purchase price into the registry of the court the rights of the minor will be fixed and the funds due him held subject to the court’s order until such time as the tutor may give bond and secure the rights of said minor.”
We think the judge properly appreciated and applied the legal principles announced in Koehl vs. Solari, and we affirm their correctness.
Entertaining these views, we regard the title tendered as legal and valid, and that upon due compliance with the opinion and decree of the court a qua the minor’s legal mortgage will be effectually removed from the property.
Judgment affirmed.